**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-2063

ANITRA N. BOSTIC,

                    Plaintiff - Appellant,

          v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                    Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:10-cv-00630-GCM-DSC)

Submitted: March 27, 2012          Decided: April 10, 2012

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charlotte Hall, CHARLES T. HALL LAW FIRM, Raleigh, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina; Jason W. Valencia, Special Assistant United States Attorney, Boston, Massachusetts; Robert J. Triba, SOCIAL SECURITY ADMINISTRATION, Boston, Massachusetts, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anitra N. Bostic appeals the district court's order accepting the recommendation of the magistrate judge and affirming the Commissioner's denial of her application for disability insurance benefits and supplemental security income, pursuant to 42 U.S.C. § 405(g) (2006). We must uphold the decision to deny benefits if the decision is supported by substantial evidence and the correct law was applied. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson, 434 F.3d at 653 (internal quotation marks omitted). This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. Id.

First, Bostic asserts that the administrative law judge ("ALJ") erred in failing to give controlling weight to the opinion of Dr. Girmay, her primary care physician. The ALJ gave little weight to the medical opinion of Dr. Girmay because his opinion was inconsistent with other evidence in the record. The ALJ concluded that the opinion of Dr. Thomason, another of Bostic's treating physicians, was entitled to special

2

significance because it was supported by objective medical evidence and it was consistent with other substantial evidence in the record. The Commissioner generally gives controlling weight to medical opinions of a treating physician, but only if that opinion is consistent with the other evidence in the record. 20 C.F.R. § 404.1527(d). The opinions of Dr. Girmay and Dr. Thomason do not reflect the same degree of limitation on Bostic's functionality and are therefore not consistent. Further, Dr. Girmay's conclusory determination of disability was not supported by evidence in the record, nor was it explained by references to any medical condition or by citation to any medical evidence. See 20 C.F.R. § 404.1527(e) (an opinion that a claimant is disabled is not a "medical opinion"); 20 C.F.R. § 404.1527(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). We thus conclude that the ALJ did not err in choosing not to give Dr. Girmay's opinion controlling weight.[*]

_____

[*] Bostic also asserts error in the ALJ's failure to consider the opinion of Dr. Brens. Dr. Brens' opinion is substantively identical to that of Dr. Girmay. Further, Dr. Brens was not Bostic's primary physician. See 20 C.F.R. § 404.1527(d)(2). The ALJ permissibly chose not to give this opinion controlling weight.

3

Bostic next argues that the ALJ failed to accurately assess her credibility. The ALJ determined that the medical evidence and Bostic's daily activities did not substantiate Bostic's subjective complaints of pain. When making a disability determination, the Commissioner considers objective medical evidence, evidence of a claimant's daily activities, efforts to work, a claimant's description of pain, and any other relevant information. 20 C.F.R. § 404.1529. The ALJ was entitled to disagree with Bostic's subjective view of her physical limitations because the evidence in the record did not conclusively establish that Bostic was unable to perform routine functions, such as maintaining a household and serving as her young daughter's primary caregiver.

We therefore conclude that the district court did not err in upholding the Commissioner's denial of benefits. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4